IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ZEFCOM, LLC d/b/a NRTC MOBILE SOLUTIONS f/k/a TELISPIRE PCS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:21-cv-00030-BP |
| TIMOTHY "CHAD" HENSON AND DBI NETWORKS, LLC d/b/a UFI | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

This is a suit on a promissory note arising from settlement of a previous case filed in this Court. Pending before the Court is Plaintiff Zefcom, LLC's Motion for Summary Judgment and accompanying Brief/Memorandum in Support, filed on August 23, 2021. ECF Nos. 13 and 14, respectively. After reviewing the Motion, Brief, and applicable legal authorities, and noting that Defendants did not respond to the Motion, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

Plaintiff Zefcom, LLC ("Zefcom") entered a Master Services Agreement ("Agreement") with DBI Networks, LLC and its manager and sole member, Timothy "Chad" Henson, (collectively, "Defendants"), which provided that Zefcom would supply DBI with wireless voice and data services that DBI would then sell to its customers. ECF No. 1 at 1-2. On May 1, 2020 and June 1, 2020, Zefcom sent Defendants invoices for its services under the Agreement in the amounts of $61,007.62 and $225,695.49, respectively. ECF No. 14 at 2. When Defendants did not pay the invoices, Zefcom sued them in this Court seeking judgment for the monies owed. *Id.* On January 28, 2021, the parties settled that litigation, with Defendants agreeing to pay Zefcom $50,000 on or

about February 3, 2021 and executing a Promissory Note (the "Note") in favor of Zefcom in the principal amount of $125,000. *See* ECF No. 13-1 at 4.

The Note required payment of the principal in five quarterly installments of $25,000, beginning on April 1, 2021 and ending April 1, 2022. *Id.* The Note bore interest at the rate of 9% per annum, but Zefcom agreed to waive the full interest amount if Defendants made each payment on time. *Id.* Defendants failed to make the first $25,000 payment due on April 1, 2021, prompting Zefcom to notify Defendants of their default under the Note and accelerate the remaining payments. ECF No. 1 at 3-4. On May 12, 2021, Zefcom again sued Defendants in this Court, but this time it was for failing to pay the Note. ECF No. 1. Zefcom seeks to recover the $125,000 principal balance of the Note plus $6,318.10 in interest as of the date they filed the Motion for Summary Judgment, plus additional prejudgment interest accruing at a rate of $30.82 per day. ECF No. 14; *see* ECF No. 1-1 at 2-4.

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue is 'material' if it involves a fact that might affect a lawsuit's outcome under governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike,*

*Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries this burden, the burden shifts to the nonmovant to set forth facts indicating that summary judgment would be inappropriate. *Celotex*, 477 U.S. at 322-24. Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

The nonmovant's failure to respond to the motion for summary judgment does not entitle the movant to default judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). This is because summary judgment requires the movant to show both that no genuine dispute of material fact exists and that the movant is entitled to judgment as a matter of law, rather than as a technicality or procedural default. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996); *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). But where the nonmovant fails to respond, the Court may assume the truth of all assertions contained in the motion and relegate the nonmovant to its unsworn pleadings, which do not constitute proper summary judgment evidence. *Bookman*, 945 F. Supp. at 1003-04.

### III.     ANALYSIS

There is no genuine dispute of any material fact in the present matter. The parties do not contest the September 19, 2019 Agreement, Defendants' default on that Agreement, the prior litigation, its settlement, the resulting Note, or the Defendants' default on their obligation to pay the Note. *See* ECF No. 7. At no point do Defendants contest their default, though their Answer to Zefcom's Complaint denied owing the sums they allegedly owe. *Id.* at 2. Beyond that, Defendants suggested that two affirmative defenses are applicable to the instant case, stating: "Some or all of Plaintiff's claims are barred by accord and satisfaction and/or payment and release . . . [and] Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff." *Id.* Defendants did not offer any summary judgment evidence to support their denial of liability or their affirmative defenses.

Without summary judgment evidence to support Defendants' denial of liability and affirmative defenses, and further without a response to Zefcom's Motion for Summary Judgment, the Court is left with an overwhelmingly one-sided summary judgment record. The record includes clear and uncontradicted evidence of the underlying Agreement; the settlement reached upon Defendants' default on that Agreement; the Note the parties signed on January 8, 2021; Zefcom's ownership of the Note; Defendants' default of payments under the Note; and Defendants' joint and several liability to Zefcom for the full amount of the Note's principal plus accrued interest, attorney fees, and costs. *See* ECF Nos. 1 at 2–4; 1-1 at 2–5; 14.

Ordinarily, the Court would view the evidentiary record in the light most favorable to Defendants. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Rosado*, 5 F.3d at 123. However, the Court can only interpret factual controversies in favor of the nonmovant when the nonmovant has offered evidence of contradictory facts, thus creating an actual controversy. *Little*, 37 F.3d at 1075.

Because Defendants have not done so here, the Court assumes the truth of all factual assertions in Zefcom's Motion and finds no actual controversy in the pleadings. *See Bookman*, 945 F. Supp. at 1003–04. Likewise, the summary judgment evidence offered by Zefcom proves its entitlement to judgment under the terms of the Note.

## IV.   CONCLUSION

Having conducted a full review of the summary judgement evidence, the Court finds that there is no genuine dispute of material fact in this case such that "a reasonable jury could return a verdict for the nonmoving party." *Douglass*, 79 F.3d at 1429 (quoting *Anderson*, 477 U.S. at 248). Accordingly, the Court **GRANTS** Plaintiff Zefcom, LLC's Motion for Summary Judgment (ECF No. 13) and hereby finds Defendants DBI Networks, LLC and Timothy "Chad" Henson jointly and severally liable to Zefcom, LLC for **$140,630.80** consisting of:

1. the full principal amount of the Note, **$125,000**, as evidenced by Henson's signature on page 5 of the Note (ECF No. 1-1 at 5);

2. accrued interest on the Note in the amount of **$8,475.50**, which is the sum of accrued interest at the time the Motion for Summary Judgment (ECF No. 14) was filed ($6,318.10) plus accrued prejudgment interest from the date of filing of the Motion for Summary Judgment to today ($30.82 per day for 70 days = $2,157.40); and

3. Zefcom's expenses of collection as contemplated by ¶ 4 of the Note, including attorney's fees and costs, in the amount of **$7,155.30**, as calculated on the date the Motion for Summary Judgment (ECF No. 14) was filed.

It is so **ORDERED** on November 2, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE